UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARMEN CALDERON, | No. ED CV 11-1180-PLA |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on August 2, 2011, seeking review of the Commissioner's denial of her application for Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on August 18, 2011, and August 19, 2011. Pursuant to the Court's Order, the parties filed a Joint Stipulation on May 29, 2012, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on November 17, 1963. [Administrative Record ("AR") at 55.] She completed two years of elementary school in Mexico and three months of English lessons as an adult in the United States. [AR at 34-35, 155.] She has past relevant work experience as a hand gluer, a cushion builder, and a rim cleaner and polisher. [AR at 23, 151.][1]

On October 15, 2008, plaintiff filed an application for Supplemental Security Income ("SSI"), alleging that she has been unable to work since May 1, 2000, due to a brain tumor, migraines, arthritis, and depression. [AR at 55, 150, 157.] After her application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 8, 59-62, 64-67, 69-70.] A hearing was held on April 1, 2010, at which time plaintiff appeared with counsel and testified on her own behalf. [AR at 29-36, 43-50.] Two medical experts and a vocational expert ("VE") also testified. [AR at 35-43, 50-53.] On June 3, 2010, the ALJ determined that plaintiff was not disabled. [AR at 15-24.] On July 13, 2011, the Appeals Council denied plaintiff's request for review. [AR at 1-3, 8.] This action followed.

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as

---

[1] Based on the record, plaintiff's testimony at the hearing before the ALJ on April 1, 2010, and the vocational expert's testimony at that hearing, the ALJ listed these three jobs in his decision, and plaintiff does not contest these descriptions. [See AR at 23.]

adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering both adverse and supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.
## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. § 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P,

Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. § 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.  THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ determined that plaintiff had not engaged in any substantial gainful activity since the application date, October 15, 2008. [AR at 15, 17.] At step two, the ALJ concluded that plaintiff has the following severe impairments: "chronic abdominal pain [and an] eating disorder with borderline weight; stable cysticerosis lesion of the brain; [and] generalized pain without objective evidence of significant pathology." [AR at 17.] At step three, the ALJ determined that plaintiff's impairments do not meet or medically equal any of the impairments in the Listing. [Id.] The ALJ further determined that plaintiff retained the residual functional capacity ("RFC")[2] to perform "sedentary work" as defined in 20 C.F.R. § 416.967(a).[3] Specifically, the ALJ determined that plaintiff "could lift and/or carry no more than 10 pounds frequently or occasionally; she could sit and/or stand for 2 hours in an 8-hour workday and sit for

---

[2]  RFC is what a claimant can do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[3]  "Sedentary work" is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

4

8 hours in an 8-hour workday with normal breaks every 2 hours; [she] can occasionally stoop and bend but could not balance, or climb ladders or stairs; she could not work at heights and tasks involving hypervigilance or fast paced work; she is limited to simple, repetitive tasks and non-intense interaction with the public; [plaintiff] would miss work up to twice a month." [AR at 19.] At step four, the ALJ concluded that plaintiff is not able to perform any of her past relevant work. [AR at 23.] At step five, the ALJ found, based on the Medical-Vocational Guidelines and the VE's testimony, that plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." [AR at 24.] Accordingly, the ALJ determined that plaintiff is not disabled. [Id.]

**V.**

**THE ALJ'S DECISION**

Plaintiff contends that: (1) the ALJ did not properly consider the examining psychiatrist's RFC assessment; and (2) the ALJ improperly discounted plaintiff's credibility. [Joint Stipulation ("JS") at 2.] As set forth below, the Court agrees with plaintiff, in part, and remands the matter for further proceedings.

**THE PSYCHOLOGICAL OPINION EVIDENCE AND THE RFC DETERMINATION**

Plaintiff argues that the ALJ did not properly consider all of the medical opinion evidence and therefore erred in reaching the RFC determination. [JS at 3-5.] Specifically, plaintiff argues that the ALJ erred by not expressly addressing consultative examining psychologist Dr. Mark D. Pierce's uncontradicted finding that plaintiff "can remember and comply with simple one and two part instructions." [AR at 340; JS at 3-5.] Plaintiff asserts that this omission requires remand.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). See 20 C.F.R. §§ 416.902, 416.927; see also Lester, 81 F.3d at 830. The opinion of an examining physician is given more weight than that of

a non-examining physician. 20 C.F.R. § 416.927. The ALJ must provide "'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining [doctor]." Lester, 81 F.3d at 830 (citation omitted); see also Ryan v. Comm'r of Soc. Sec. Admin., 528 F.3d 1194, 1199 (9th Cir. 2008) ("'[C]lear and convincing reason[s]' supported by substantial evidence [are] necessary to reject the testimony of an examining doctor.") (citation omitted). The ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998).

On April 4, 2010, Dr. Pierce examined plaintiff at the request of the Social Security Administration. [AR at 336-40.] He made the following findings: "[plaintiff] would have no discernable difficulty working effectively with others .... She can remember and comply with simple one and two step instructions. She could concentrate only for simple repetitive vocational functions for a full workweek." [AR at 340.] In the ALJ's RFC determination for plaintiff, the ALJ stated that "[plaintiff] is limited to simple repetitive tasks and non-intense interaction with the public[.]" He did not include a limitation regarding plaintiff's ability to follow instructions. [See AR at 19.]

Although the ALJ states that he gave "great weight" to Dr. Pierce's evaluation [AR at 22], nothing in the ALJ's decision explains his omission of Dr. Pierce's finding that "[plaintiff] can remember and comply with simple one and two step instructions." [Compare AR at 340 with AR at 19.] The ALJ was required either to include "simple one and two step instructions" in plaintiff's RFC, as it was "relevant" to plaintiff's mental limitations (see 20 C.F.R. § 416.945), or, in the alternative, to give "clear and convincing" reasons for rejecting Dr. Pierce's uncontradicted opinion.[4] See, e.g., Ryan, 528 F.3d at 1199; Reddick, 157 F.3d at 725; Lester, 81 F.3d at 830. The ALJ did neither.

---

[4] On remand, if the ALJ adopts this finding by Dr. Pierce, "simple one and two step instructions" should also be included in the hypothetical questions posed to the VE. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) ("Hypothetical questions posed to a VE 'must set out *all* the limitations ... of the particular claimant ....'") (citation omitted).

6

1    While defendant argues that the RFC "reflected the mental limitations opined by Dr.[]
2 Pierce" [JS at 5], the omission of "simple one and two step instructions" from the RFC
3 determination is the omission of a limitation. See Smiddy v. Astrue, 2011 WL 4529473, at *1-2
4 (C.D. Cal. Sept. 29, 2011); Boltinhouse v. Astrue, 2011 WL 4387142, at *2 (C.D. Cal. Sept. 21,
5 2011) (characterizing Dr. Pierce's assessment that plaintiff could "'remember and comply with
6 simple one[-] and two[-] part instructions'" as a limitation) (brackets in original). "[An] RFC that fails
7 to take into account claimant's limitations is defective." Valentine v. Comm'r, 574 F.3d 685, 690
8 (9th Cir. 2009); see also C.F.R. § 416.945(a)(4).
9    Even so, defendant asserts that the RFC "reflected the mental limitations" of plaintiff
10 because "[s]imple, repetitive tasks require only one- to two-part instructions." [JS at 5.] The two
11 limitations, however, are not synonymous; "simple, repetitive tasks" could require more than
12 following "simple one and two part instructions." See Smiddy, 2011 WL 4529473, at *1-2 (rejecting
13 the argument that "'simple, repetitive tasks' took into account [the] limitation [one- and two-part
14 instructions]"); Murphy v. Astrue, 2011 WL 124723, at *7 (C.D. Cal. Jan. 13, 2011) ("The
15 Commissioner, like the ALJ, attempts to take refuge in the 'simple, repetitive tasks' limitation ....
16 This argument, however, is not responsive to Dr. Pierce's other limitation to one and two step
17 instructions."). Furthermore, there is no indication in the ALJ's decision that he concluded the two
18 were synonymous. "Long-standing principles of administrative law require [this Court] to review
19 the ALJ's decision based on the reasoning and factual findings offered by the ALJ -- not *post hoc*
20 rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v.
21 Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing SEC v. Chenery
22 Corp., 332 U.S. 194, 196 (1947)).
23    Next, defendant argues that even if the limitation "simple, repetitive tasks" is not precisely
24 the same as "simple one and two step instructions", there is no "cause for remand" because the
25 inclusion of "one- to two-part instructions" in the RFC would not have affected plaintiff's disability
26 determination. [See JS at 5.] For the following reasons, the Court disagrees.

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). But "a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ ... could have reached a different disability determination." Stout v. Comm'r., 454 F.3d 1050, 1056 (9th Cir. 2006). The Court cannot confidently do so in this case.

The ALJ found that plaintiff could perform the following jobs: "Small items ... assembly worker of hospital products, DOT 739.687-086 ...; [and g]raders and sorters with items weighing less than a pound, DOT 734.687-0094[5] [sic] ...." [AR at 24.] Both of these jobs require Reasoning Level 2, which is defined by the Dictionary of Occupational Titles ("DOT") as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions[, and] [d]eal with problems involving a few concrete variables in or from standardized situations." DOT, Appendix C - Components of the Definition Trailer, 1991 WL 688702 (1991); DOT No. 739.687-086; DOT No. 734.687.094. Reasoning Level 1, in contrast, is defined as the ability to "[a]pply commonsense understanding to carry out **simple one- or two-step instructions**," and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, Appendix C - Components of the Definition Trailer (emphasis added). Dr. Pierce's finding that plaintiff "can remember and comply with simple one and two part instructions" limits plaintiff to Reasoning Level 1. "The weight of authority favors [the] position that a limitation on one- and two-part instructions is commensurate with Reasoning Level 1." Boltinhouse, 2011 WL 4387142, at *2; see, e.g., Reaza v. Astrue, 2011 WL 999181, at *4 (C.D. Cal. Mar. 21, 2011) ("Plaintiff's limitation to simple one and two part instructions is consistent with a reasoning level of 'one.'"); Murphy, 2011 WL 124723, at *7 ("Plainly, both of the [Reasoning Level 2] jobs specified by the VE would be precluded by a limitation to one and two step instructions."). In fact, some courts have held that Reasoning Level 1 is distinguished from Level 2 because of the very limitation at issue here. See, e.g., Smiddy, 2011 WL 4529473, at *1-3; Grigsby v. Astrue, 2010

---

[5] The ALJ's decision incorrectly referenced DOT No. 734.687-0094. [AR at 24.] The VE's testimony referenced DOT No. 734.687-094. [AR at 52.]

8

WL 309013, at *2 (C.D. Cal. Jan. 22, 2010). Thus, an RFC consistent with all of Dr. Pierce's findings would preclude all of the jobs listed in the ALJ's decision.

To make a finding of nondisability, the ALJ must "identify specific jobs in substantial numbers in the national economy" at plaintiff's ability level. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995); see also 20 C.F.R. § 416.960(c). The ALJ has not done so here, as the determination regarding plaintiff's ability level is not supported by substantial evidence. Moncada, 60 F.3d at 523. Thus, remand is required to allow the ALJ to clarify whether plaintiff is limited to simple one and two step instructions, and if so, whether there are jobs that exist in significant numbers in the national economy that she can perform.[6] See Bray, 554 F.3d at 1225-26.

---

[6] Since the Court finds remand warranted for the reasons expressed above, the Court exercises its discretion not to address plaintiff's remaining contention of error. The Court notes, however, that "unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). The ALJ asserts that plaintiff's "alleged impairments are remediable with current conservative care" [AR at 22], but does not provide "clear and convincing reasons" to conclude that the impairments are remediable or that the treatments are conservative. Although the ALJ acknowledges many of the following treatments in his opinion, he does not explain *how* such treatments are conservative: a cholecystectomy; a sphincterotomy; morphine during emergency room visits; and a variety of regularly taken medications. [AR at 19-23, 37, 44-45, 281, 284-86, 287, 289, 462, 519-48, 552, 587.] In addition, insofar as the ALJ rejected plaintiff's credibility because of a lack of medical evidence, "lack of medical evidence cannot form the sole basis for discounting pain testimony ...." Burch, 400 F.3d at 681. Moreover, the ALJ does not explain why the medical evidence is insufficient. The record includes a report on an MRI of plaintiff's brain showing "several small focal nonspecific white matter lesions" and "a cystic-appearing mass" measuring "approximately 14 x 10 x 15 mm" [AR at 452-60]; a diagnosis of "severe osteoporosis" from an examining physician who reviewed x-rays of plaintiff's lumber spine [AR at 360]; a report on a CT scan of her abdomen showing a "dilation of the common bile duct which measures 11 mm" [AR at 582, 585]; and a report on an MRI of plaintiff's back revealing "scoliosis" and a "2 mm annular bulge at L5-S1" [AR at 478]. Therefore, on initial examination, it does not appear that the ALJ's reasons for rejecting plaintiff's credibility are sufficiently clear and convincing. Robbins, 466 F.3d at 883.

## VI.

## **REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision.  See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to properly evaluate Dr. Pierce's opinion.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: July 6, 2012

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE